■ In the Matter of JOHN E. MIRCH, Respondent, v STATE OF NEW YORK OFFICE OF COURT ADMINISTRATION et al., Appellants. — Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered May 18, 1984 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination regarding reclassification of petitioner's part-time position.

Petitioner sought judgment annulling certain administrative determinations of respondents in classifying petitioner's part-time legal assistant position to a salary grade 24, and sought reclassification of the position as a Principal Law Clerk to Judge, grade 31. The issue before us is whether Special Term properly found that the Chief Administrative Judge was not vested with the authority to classify and allocate petitioner's position to the classification of Law Clerk to Judge, part time, grade 24, and that respondent Classification Review Board's ruling upholding the classification was irrational and unreasonable as applied to petitioner.

Special Term's reason for granting the petition was not based on the reasonableness of differentiating between part-time and full-time law clerk positions, but was premised on the fact that the title of part-time Law Clerk to Judge was promulgated one year after the initiation of the new classification plan and that 22 NYCRR 25.5 forbids the diminution of petitioner's entitlement to a grade 31 appointment. Special Term reasoned that such grade was conferred on him when the new classification plan was initiated because it included only the full-time Law Clerk to Judge title and failed to contain a classification for part-time law clerk position. This being so, Special Term concluded that petitioner fell into the grade 31 category.

There must be a reversal. We find no prohibition to the Chief Administrative Judge's authority to defer the creation of title standards for part-time positions when the classification plan was first established. Pursuant to 22 NYCRR 80.1 (b) (16), the Chief Administrative Judge is empowered to "adopt classifications and allocate positions [in the courts] and revise them when appropriate" (see also, Judiciary Law § 39 [8] [a]). His promulgation of the part-time classification, after study and evaluation could be made, is entirely reasonable and within his powers. Nothing in the empowering legislation (see, Judiciary Law § 39 [8] [a]) prevents the implementation of such part-time classification retroactively. We concur with respondents' observation that axiomatic with the right to establish the plan is the authority to revise or correct the plan. We find that there was a rational basis for the challenged classification.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mikoll, Yesawich, Jr., and Harvey, JJ., concur; Kane, J. P., and Main, J., dissent and vote to affirm upon the opinion of Justice Con. G. Cholakis at Special Term.